IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PABLO M. FERNANDEZ,         )<br>                              )<br>           Plaintiff,          )<br>                              )   No. 2:21-cv-02209-DCN<br>      vs.                     )<br>                              )   **ORDER**<br>GROUNDWORKS OPERATIONS, LLC,  )<br>                              )<br>           Defendant.          )<br>_____) | |

The following matter is before the court on plaintiff Pablo M. Fernandez's ("Fernandez") motion for sanctions, ECF No. 35, and motions to compel, ECF Nos. 36, 49. It is also before the court on defendant Groundworks Operations, LLC's ("Groundworks") motion to dismiss, ECF No. 52. For the reasons set forth below, the court grants the motion to dismiss for lack of subject matter jurisdiction and finds as moot the motion for sanctions and the motions to compel.[1]

**I.  BACKGROUND**

The case arose from injuries Fernandez sustained after a truck hauling a loaded trailer owned by Groundworks failed to stop and slammed into the rear of Fernandez's vehicle. ECF No. 1, Compl. ¶ 4. At the time of the accident, the driver of the truck, Christopher Briggs ("Briggs"), was an employee of Mount Valley Foundation Services ("MVFS"), which is a company located in South Carolina that is owned and operated by Groundworks. Id. ¶¶ 2–3. Fernandez alleges that Groundworks was negligent and

---

[1] The first class on the first day of "Baby Judges' School" is about jurisdiction because if a court lacks jurisdiction, it lacks the authority or power to do anything. Thus, the outcome of this order is preordained.

1

reckless, and as a direct result of that negligence and recklessness, Fernandez sustained medical bills, physical and mental pain and suffering, and loss of enjoyment of life. Id. ¶¶ 5–6 [sic].[2]

On July 20, 2021, Fernandez filed the complaint, which Groundworks answered on August 16, 2021, ECF No. 5. Fernandez filed a motion for sanctions on November 3, 2022, ECF No. 35, to which Groundworks responded in opposition on December 20, 2022, ECF No. 51. Fernandez filed a motion to compel on November 7, 2022, ECF No. 36, and another on December 13, 2022, ECF No. 49. Groundworks did not respond in opposition to the first motion to compel, ECF No. 36. Groundworks responded in opposition to the second motion to compel on December 28, 2022, ECF No. 54, to which Fernandez replied on January 17, 2022, ECF No. 61. Groundworks filed a motion to dismiss on December 23, 2022, ECF No. 52. Fernandez responded in opposition on January 17, 2023, ECF No. 60, to which Groundworks replied on January 24, 2023, ECF No. 62. As such, the motions are fully briefed, or the time to respond to such motions has expired, and they are now ripe for review.

## II.  STANDARD

**A.  Motion to Dismiss under Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) represents a challenge to the court's subject matter jurisdiction. Arbaugh v. Y & H Corp., 546 U.S. 500, 507 (2006). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Lack of

---

[2] Fernandez mis-numbered the complaint's paragraphs—1-2-3-4-5-4—the court is referring to the second four, which should be a six, per traditional numbering patterns.

subject-matter jurisdiction may be raised at any time by a party or the court. See Arbaugh, 546 U.S. at 506-507. "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In deciding such a motion, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 333 (4th Cir. 2014) (internal quotation marks and citation omitted). When determining whether subject matter jurisdiction is present, the court applies the standard applicable to motions for summary judgment where the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Richmond, 945 F.2d at 768 (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1559 (9th Cir. 1987)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

### III.  DISCUSSION

Groundworks filed the motion to dismiss claiming that the court has no subject matter jurisdiction to hear the matter because diversity jurisdiction does not exist. ECF No. 52. Specifically, Groundworks asserts it is a limited liability corporation that has seven members who are citizens of South Carolina. Id. ¶¶ 8–9. Fernandez is also a citizen of South Carolina, and consequently there is not complete diversity to confer jurisdiction over the case. Id. ¶ 13; Compl. ¶ 1.

In response, Fernandez does not contest the lack of subject matter jurisdiction, admitting that "the Complaint did not properly allege the citizenship of the Defendant LLC." ECF No. 60 at 1.  The response instead focuses on the fact that defense counsel indicated that "[Groundworks] is properly identified."  Id.  Fernandez further admits that while he "cannot recall his precise mind set 17 months ago . . . it appears [he] was given the distinct impression that, while [Fernandez] could amend the Complaint to bring in an additional party, it was not necessary, as Groundworks was accepting responsibility for [Fernandez's] claim for damages."  Id. at 1–2.  Fernandez appears to lament Groundworks' delayed motion to dismiss for lack of subject matter jurisdiction, asking "What took [Groundworks] so long to catch this?" and speculating that either Groundworks was ignorant of the lack of complete diversity or Groundworks chose to sit on its knowledge until after the statute of limitations had expired.  Id. at 3.  Fernandez even admits, "[c]learly, there was no way Plaintiff's counsel could have been unaware of this multiple layering of corporate entities that, purportedly, culminates in the destruction of diversity by having several members who are citizens and residents of South Carolina."  Id. at 3–4.

Groundworks in its reply points out that the response in opposition does not seem to oppose the motion, saying, "[Fernandez] laments the state of the law, and the timing of the Motion, but at no point disputes that this Court lacks subject matter jurisdiction." ECF No. 62 at 1.  Further, Fernandez failed to specify the basis for jurisdiction, which is the plaintiff's burden to meet, in either the complaint or in his answers to Local Civil Rule 26.01 Interrogatories.  Id. at 1–2.

Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.  Complete diversity exists where "the state of citizenship of each plaintiff [is] different from that of each defendant."  Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).  "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)."  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  If the plaintiff cannot overcome this burden, then the claim must be dismissed.  Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005).

This case is presumably before on the court based upon diversity jurisdiction, though the complaint does not specify.  28 U.S.C. § 1332; Compl. ¶ 1 ("Plaintiff is a citizen and resident of Charleston County South Carolina.  Defendant is a limited liability company organized under the laws of the state of Virginia with its principal place of business located at [Virginia Beach, Virginia].").  No statute is identified in the complaint, though the cause of action alleges negligence and recklessness—state law torts—which do not implicate federal question jurisdiction.  See Compl. ¶ 5; 28 U.S.C. § 1331.  The court may only hear this matter if there is complete diversity between Fernandez and Groundworks.

"A limited liability company organized under the laws of a state is not a corporation . . . [but rather] is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."  My IV Spa LLC v. Hydration Station USA Franchise Sys. LLC, 2018 WL 3867794, at *2 (D.S.C. Aug. 15, 2018) (citing Gen. Tech. Applications, Inc. v. Exro Ltd., 388 F.3d 114, 121 (4th Cir.

5

2004)); see also Sulka v. Hoagland, 2019 WL 4409464, at *2 (D.S.C. Sept. 16, 2019) ("It is well settled that an LLC is a citizen of every state in which any of its members are domiciled, not in the state in which it was formed."). For the purposes of jurisdiction, a person is a citizen of the state in which he or she is domiciled. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017). Citizenship of parties is determined at the time the action is filed. Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570–71 (2004).

      Fernandez is a citizen and resident of South Carolina. Compl. ¶ 1. Groundworks is a limited liability corporation, meaning it is a citizen of all the states where its members are domiciled. See Madden v. Petland Summerville, LLC, 2020 WL 6536913, at *2 (D.S.C. Nov. 6, 2020). Groundworks has provided the court with an affidavit from Stephen Frey, the Chief Financial Officer, who indicates that at the time of the case's filing, seven members of Groundworks were domiciled in South Carolina. See ECF No. 52-2 ¶¶ 2, 14–29. Consequently, at the time of filing there was no diversity of parties since both Fernandez and Groundworks were citizens of South Carolina. See Grupo Dataflux, 541 U.S. at 571 ("[The time-of-filing rule] measures all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing."). Fernandez has done nothing to rebut the argument that the court is without jurisdiction but rather appears to concede the point. See ECF No. 60 at 1 ("[T]he Complaint did not properly allege the citizenship of the Defendant LLC."). Thus, Fernandez has not met his burden to show that the court has jurisdiction pursuant to 28 U.S.C. § 1332.

The court dismisses the action for lack of subject matter jurisdiction. See <u>Welch</u>, 409 F.3d at 651. Since the court lacks jurisdiction, it lacks the power to decide the motions to compel and the motion for sanctions, and thus it finds those motions moot.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss, ECF No. 52, and **FINDS MOOT** the motion for sanctions, ECF No. 35, and motions to compel, ECF Nos. 36, 49.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**January 30, 2023**
**Charleston, South Carolina**